IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAMON J. STALFORD,

      Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social
Security Administration,

      Defendant.

Case No. 6:14-cv-01085-AA
OPINION AND ORDER

---

Merrill Schneider
Schneider Kerr & Gibney Law Offices
P.O. Box 14490
Portland, Oregon 97293
    Attorney for plaintiff

Billy Williams
Ronald K. Silver
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

Jordan D. Goddard
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Damon Stalford brings this action pursuant to the Social Security Act ("Act") to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Title XVI supplemental security income ("SSI"). For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

On March 31, 2011, plaintiff filed his current application for SSI.[1] Tr. 251-52. His application was denied initially and upon reconsideration. Tr. 173-76, 182-83. Plaintiff appeared at a hearing before an Administrative Law Judge ("ALJ") on March 21, 2013, but due to old assessments, the ALJ continued the hearing to obtain updated examinations. Tr. 18. On September 9, 2013, the plaintiff appeared again before the ALJ, wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 37-65. On November 5, 2013, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 18-29. After the Appeals Council denied his request for review, plaintiff filed a complaint in this Court. Tr. 1-7.

## STATEMENT OF FACTS

Born on March 16, 1968, plaintiff was 34 years old on the alleged onset date of disability and 45 years old at the time of

---

[1] On November 17, 2009 plaintiff had a previous ALJ denial of SSI benefits which he did not appeal. Tr. 82-91.

Page 2 - OPINION AND ORDER

the hearing. Tr. 251. Plaintiff graduated from high school. Tr. 41. He worked previously as a grass seed farmer and construction worker. Tr. 60-61. Plaintiff alleges disability as of January 1, 2003, due to back, left elbow, and knee pain, as well as depression, anxiety, head tremors, and forearm numbness. Tr. 279.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Page 3 - OPINION AND ORDER

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 416.920(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment, he is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. § 416.920(f). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work existing in significant numbers in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 416.920(g). If the Commissioner meets this burden, the claimant is not

Page 4 - OPINION AND ORDER

disabled. 20 C.F.R. § 416.966.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 20. At step two, the ALJ determined that plaintiff had the following severe impairments: lumbar degenerative disc disease status post fusion, obesity, depression versus mood disorder due to chronic pain, posttraumatic stress disorder (PTSD), anxiety, alcohol abuse, history of gambling disorder, and mild bilateral carpal tunnel syndrome. Id. At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 21.

Because he did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected his ability to work. The ALJ resolved that plaintiff had the following residual functional capacity ("RFC"):

> [he can] perform light exertion work with lifting and carrying 20 pounds occasionally and 10 pounds frequently, standing and walking about four hours of an eight-hour workday and sitting about four hours of an eight-hour workday, with the ability to sit-stand as needed while remaining on task. He can occasionally reach in all directions. He can frequently balance. He can occasionally bend, stoop, and crouch but never kneel, crawl, or climb ladders, ropes, scaffolds, or stairs. He can occasionally climb ramps. He should not push or pull with the bilateral lower extremities. The claimant can frequently, not constantly, bilaterally handle and finger. He can understand, remember, and carry out only simple instructions that can be learned in 30 days or less. He requires low stress work, defined as having occasional changes in the work setting and work duties. He is to have no direct public contact, but can have occasional incidental public contact. The claimant is to

>have no exposure to hazards including unprotected heights or dangerous machinery and only occasional exposure to vibrations.

Tr. 23. At step four, the ALJ determined plaintiff could not perform any past relevant work. Tr. 28. At step five, the ALJ found that a significant number of jobs existed in the national and local economy that plaintiff could perform despite his impairments, such as small products assembly inspector, inspector of molded plastics, and bench worker. Tr. 29. Accordingly, the ALJ concluded that plaintiff was not disabled under the Act. Id.

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) failing to properly reject social limitations assessed by Susan South, Psy.D; and (2) making a step five finding not supported by substantial evidence. Pl's Opening Br. 5.

I.   Medical Opinion Evidence

Plaintiff asserts that the ALJ failed to provide a legally sufficient reason, supported by substantial evidence, for rejecting the social limitations assessed by Dr. South. There are three types of medical opinions in Social Security cases: those from treating, examining, and non-examining doctors. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). To reject the uncontroverted opinion of a treating or examining doctor, the ALJ must present clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d, 1211, 1216 (9th Cir. 2005) (citation omitted). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. Id.

Page 6 - OPINION AND ORDER

On May 7, 2013, Dr. South performed a one-time evaluation of plaintiff's mental functioning. Tr. 388-97. Dr. South's assessment was based on plaintiff's subjective statements, a clinical interview, and a review of certain medical records. Tr. 388-89. Dr. South diagnosed plaintiff with major depressive and dysthymic disorders, and listed anxiety and PTSD as rule out possibilities. Tr. 392. She also listed other contributing factors including, but not limited to, clinical obesity, chronic pain, and insomnia. Id. On a form attached to her narrative report, Dr. South checked boxes reflecting that plaintiff had a mild limitation in interacting appropriately with the public, and moderate limitations in interacting appropriately with supervisors and coworkers, and in responding appropriately to unusual work situations and changes in routine work setting. Tr. 396. She specified that these limitations were due to "increased irritability [from] chronic pain" but expressly noted that "this is a clinical opinion based on [plaintiff's] interview [and is] unverified by available records." Id.

The ALJ rejected Dr. South's opinion regarding plaintiff's impaired ability to interact with coworkers and supervisors because: (1) Dr. South was unqualified to make the assessment; (2) it was based primarily on plaintiff's uncredible self-reports; and (3) it was not consistent with any verified medical records. Tr. 27. The ALJ need not accept a medical report that is primarily based on a claimant's statements if those statements have been properly found to be lacking credibility. Tommasetti v. Astrue, 533

Page 7 - OPINION AND ORDER

F.3d 1035, 1041 (9th Cir. 2008).

The Court finds the ALJ's interpretation of Dr. South's report reasonable and supported by substantial evidence for three reasons. First, Dr. South recognized in her evaluation that, as a psychologist, she was not qualified to assess plaintiff's pain and physical limits. Tr. 393. Second, the ALJ found plaintiff not fully credible and plaintiff does not challenge this finding on appeal. Tr. 24. Per Dr. South's explicit statements, her opinion regarding any social limitation was based exclusively on plaintiff's self-reports. Tr. 396. Third, medical reports from other providers provide no objective evidence of many of plaintiff's physical complaints. Tr. 344, 358, 379. Finally, the Court notes that, at other points in the record, plaintiff denied having any problems with authority figures or getting along with others. Tr. 289-90. The ALJ's RFC for simple, low-stress, light exertion work, with no public contact is sufficient to account for any irritability due to chronic pain.

The ALJ's assessment of Dr. South's opinion is affirmed.

II. <u>Step Five Finding</u>

Plaintiff also asserts that the ALJ's step five finding was not supported by substantial evidence. Specifically, plaintiff contends that the VE's testimony was inconsistent with the Dictionary of Occupational Titles and Selected Characteristics of Occupations Defined in the Revised Dictionary of the Occupational Titles (collectively the "DOT") because the jobs identified are incompatible with his limitation to "occasiona[l] reach[ing] in all

Page 8 - OPINION AND ORDER

directions." Pl's Opening Br. 7.

At the hearing, the ALJ presented the VE with a hypothetical question, including a limitation to "occasiona[l] reach[ing] in all directions." Tr. 61. The VE testified that an individual with those characteristics and impairments could perform work as a small products assembly inspector, DOT § 739.681-030; inspector work of molded plastic parts, DOT § 559.687-074; and bench worker, DOT § 713.684-018. Tr. 62. The VE indicated that her testimony was consistent with the DOT but clarified that "[i]nformation regarding [the] sit/stand option is from surveys studied, the ONET data base of the Bureau of Labor and Industries more current information of the workplace." Tr. 64.

Although the Appeals Council denied review, it clarified the nature of plaintiff's reaching limitation. Tr. 2. The Appeals Council noted that various medical professionals indicated that plaintiff had no manipulative limitations. Tr. 2, 103, 119, 154. Only one doctor limited plaintiff's reaching abilities and specifically noted a limitation regarding overhead reaching. Tr. 380. Accordingly, the Appeals Council reversed the ALJ's limitation of occasional reaching and instead restricted plaintiff to no overhead reaching. Tr. 2. Regardless, the Appeals Council found the VE's testimony reliable and concluded that the jobs identified were consistent with plaintiff's limitations because they "involve more than occasional reaching horizontally, forwards, sideways and downwards but they do not involve reaching above the head or shoulder." Id.; See also Brewes v. Comm'r of Soc. Sec. Admin., 682

Page 9 - OPINION AND ORDER

F.3d 1157, 1162 ([o]nce the Appeals Council denies review, "as a practical matter, the final decision of the Commissioner includes the Appeals Council's denial of review," and any supplementary evidence on which the Appeals Council based its findings).

Initially, the Commissioner concedes that the job of small products assembly inspector is unidentifiable by the DOT code supplied by the VE. Further, as plaintiff correctly observes, the position of bench worker entails a specific Vocation Preparation Level of three, which means more than 30 days are required to learn the basic skill set. DOT § 713.684-018. Pl.'s Reply Br. 6. Therefore, the resolution of this issue hinges on whether the remaining occupation is consistent with plaintiff's limitation of no overhead reaching.

The DOT is presumptively authoritative regarding job classifications, however, that presumption is rebuttable. Johnson v Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). The Social Security Administration "re[lies] primarily on the DOT . . . for information about the requirements of work in the national economy" but also recognizes that a VE "may be able to provide more specific information about jobs or occupations than the DOT." SSR 00-4p, available at 2000 WL 1898704. The ALJ must ask the VE if his or her testimony is consistent with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007). If a conflict between VE testimony and the DOT is apparent, the ALJ must obtain a reasonable explanation for the conflict. SSR 00-4p, available at 2000 WL 1898704.

Here, the Court finds no apparent conflict between the representative occupation of inspector of molded plastic parts and plaintiff's RFC. In other words, the VE's testimony regarding this position comports with the DOT. The DOT typically specifically indicates when overhead work is involved. See, e.g., DOT § 520.686-002, available at 1991 WL 674044; DOT § 525.687-034, available at 1991 WL 674446; DOT § 921.260-010, available at 1991 WL 688020. These listings make clear that when an occupation requires overhead work, the DOT narrative description will explicitly mention that requirement. In contrast, the description for inspector of molded plastic parts does not mention any overhead work. DOT § 559.687-074, available at 1991 WL 683797. So, while this position requires frequent bilateral reaching, there is no indication that overhead reaching is involved. See Lee v. Astrue, 2013 WL 1296071, *11 (D.Or. Mar. 28, 2013) (where the DOT job description does not specify overhead activities, there is no direct conflict between a VE's testimony based on a RFC limitation of no overhead reaching and the DOT). Indeed, the narrative description for this position appears to require exclusively bench level work. DOT § 559.687-074, available at 1991 WL 683797. The Court therefore finds no conflict between the DOT and the VE's testimony concerning this position, and agrees with the Appeals Council that this job is consistent with plaintiff's RFC.[2]

---

[2] The VE testified that 236,000 inspector of molded plastic parts positions existed in the national economy and 2,100 such positions existed in Oregon. Tr, 29, 62. Those numbers satisfy the "significance" requirement. Lawrence v. Colvin, 2014 WL 3512603, *9 (D.Or. July 10, 2014).

Page 11 - OPINION AND ORDER

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this day **17** of June 2015.

_____
Ann Aiken
United States District Judge